## WHITAKER *against* WILLIAMS.

*A*, having a claim against *B*, for an injury to his personal property, and being insolvent, made an assignment for the benefit of his creditors, under the statute of 1828. The trustee, by order of the court of probate, and with the assent of *A*, sold this claim to *C*, who put it in suit against *B*, in the name of *A*, and recovered judgment for 75 dollars damages, and 40 dollars costs. There being a fatal defect in the assignment, *D*, a creditor of *A*, then brought foreign attachment against *A* and *B*, making *B* garnishee. *D*, in his *scire-facias* against *B*, claimed to recover the amount of said judgment; and *C*, being duly notified, appeared and assumed the defence of the suit. On the trial, it appeared, that *C*, in prosecuting the suit against *B*, had expended more than the amount of the damages and costs recovered against *B*, and that the sum so expended had never been reimbursed, and *A* continued to be insolvent. Held, 1. that such expenditure by *C*, created an equitable lien in his favour, on said judgment, which constituted a defence to the *scire-facias*; 2. that though the defect in the assignment rendered it constructively fraudulent, as

New-London,
July, 1850.

Whitaker
v.
Williams.

against creditors, yet there being no actual fraud in the transaction, or in any of the parties to it, *C* was not thereby precluded from availing himself of such defence.

THIS case is not *novus hospes* here; having previously greeted us with its presence. So much of its history, previous to the last trial of it in the superior court, *September* term 1849, as is now material, may be seen in 18 *Conn. R.* 522. and 20 *Conn. R.* 98.

On the trial above referred to, no question was made, by the defendant, as to the suit of *Whitaker* v. *Clark*, either as to the issuing and service of the plaintiff's writ, or as to the judgment rendered in that suit, the execution issued thereon, or the demand made in virtue thereof, as stated in the present *scire-facias.* Under this process, the plaintiff claimed to recover the amount of the judgment in the suit of *Clark* v. *Williams*, mentioned in *Whitaker* & al. v. *Gavit* & al. 18 *Conn. R.* 523. and *Whitaker* v. *Williams*, 20 *Conn. R.* 99. It was agreed, that after the service of the writ against *Williams*, he had, pursuant to the statute, given notice to *Gavit* and others, of the pendency of the suit against him, requiring them, as they were the persons who claimed to be the owners of said judgment, and entitled to the benefit thereof, to defend him, (*Williams*,) in the suit; and they, having given security, as by law required, had assumed upon themselves, and were conducting, the defence of this suit.

By the mutual agreement of the parties, the bill brought by *Gavit* and others against *Whitaker* and others, and the decree of the court thereon, were offered and received in evidence, as containing the facts upon which this case should be decided. *Gavit* and others thereupon offered evidence to prove, that they had expended, in prosecuting the claim against *Williams* to judgment, as described in said bill and decree, more than the amount of the damages and costs recovered in that suit; and that the sum so expended had never been paid or reimbursed, in whole or in part, to *Gavit* and others, and is now wholly unpaid; and that *Clark* is, and since the commencement of the suit against *Williams* has been, wholly insolvent.

To the admission of the evidence, so offered by *Gavit* and others, the plaintiff objected; but the court received it; and the facts offered to be proved, were proved, and were found

by the court. And upon these facts, the court decided, that <span style="float:right">*New-London,*<br>July, 1850.</span> the plaintiff, in this process, was not entitled to recover against the defendant, and rendered judgment for the defendant to recover his costs. <span style="float:right">Whitaker<br>*v.*<br>Williams.</span>

The plaintiff thereupon moved for a new trial, on account of the admission of the evidence objected to by him, and the final decision of the court.

*E. Perkins,* in support of the motion, contended, 1. That the debt sought to be recovered on this *scire-facias,* being a debt in the case of *G. W. Clark* v. *Williams,* is, *prima facie,* held by the attachment; and the plaintiff is entitled to recover, if *Gavit* and others fail to establish a title to the debt, prior to the attachment. The burden of proof is on them.

2. That *Eaton,* the trustee, had no right to the claim in question. He has no title, but a parol assignment from *Clark,* in trust for his creditors; which is to be deemed fraudulent and utterly void, as against the creditors of *Clark,* of whom the plaintiff is one. *Stat.* 363. *Whitaker* & al. v. *Gavit* & al. in err. 18 *Conn. R.* 522. *Whitaker* v. *Williams,* 20 *Conn. R.* 98.

3. That *Gavit* and others have no title to this debt. In the first place, in their bill against *Whitaker* & al., where their title is set out, they pretend to none, except what they have derived, by purchase from *Eaton,* as trustee of *Clark.* Secondly, the assent of *Clark* to the sale, and his approbation of it, does not strengthen their title. Thirdly, their title being the same which *Eaton* had, is, of course, like his, fraudulent and void, as against the plaintiff. See the authorities above cited.

4. That *Gavit* and others derive no *equitable* title, by virtue of the fact, that they expended in the prosecution of this claim, more than the amount of the judgment recovered. In the first place, this fact does not tend at all to establish in them any title to this claim, as assignees thereof; and except for proving such title, they have no *locus in curia.* *Stat.* 118. Secondly, whatever amount they have expended, it was expended in their attempt to reduce to their possession property, their title to which is fraudulent, and utterly void, as against the plaintiff, and certainly creates no equity in their favour. Thirdly, this expenditure gives them no lien on the judgment,

New-London,
July, 1850.

Whitaker
v
Williams.

nor any thing in the nature of a lien.   Fourthly, they prose-cuted the suit at their own expense, as the owners thereof, and *with knowledge of all the facts* as to the trustee's title. See 20 *Conn. R.* 105.

*Strong,* contra, contended, 1. That the plaintiff, in this *scire-facias,* can have no claim for the *costs* recovered in the suit in the name of *Clark* against *Williams.*   *Clark* himself had nothing to do with the prosecution of the suit in which those costs accrued.   None of the expenses were defrayed by him, nor from his funds.

2. That if *Clark,* or any one else in his right, or as his creditor, should claim the *damages* in the suit against *Williams,* as recovered for a cause of action belonging to him, there are divers answers which may be given.   In the first place, as these damages are for a *tort,* which the creditors of *Clark* could not attach in his suit, he can have no right to complain, that *Gavit* and others receive the avails.   Secondly, there is no room for the imputation of *fraud,* other than the trust for the benefit of the debtor, which this exemption from attachment repels.   *Patten* v. *Smith,* 5 *Conn. R.* 156. Thirdly, *Gavit* and others have a *lien* on these funds, col-lected to defray the expenses of collection ; and those expen-ses, it is found, exceed the amount collected.

3. That the *equitable* title to these damages is in *Gavit* and others, from the purchase made under the assignee, with *Clark's* assent ; there being no fraud against them, but a strong equity in their favour.

Storrs, J.   On the re-trial of this cause, since it was be-fore us at the last term, (20 *Conn. R.* 98.) the same facts were admitted, which were admitted on the former trial ; and *Gavit* and others, the real defendants, further proved, that they had expended, in prosecuting the suit in favour of *Clark* against *Williams* to judgment, as stated in the bill and decree which were in evidence, more than the amount of the dama-ges and costs recovered against the defendant in that suit ; and that said sum so expended, had never been reimbursed, in whole or part, to them ; and that *Clark* is, and ever since the commencement of said suit against the defendant, has been, insolvent.   *Gavit* and others thereupon claimed, that

such expenditure created an equitable lien in their favour on the said judgment, which constituted a defence to this suit. The court below so decided; and as we think, correctly.

This point, as a majority of the court thought, was not involved; and therefore, could not be considered, when this case was before presented to us, because the additional facts did not then appear, which were shown on the last trial, and on which this question is now raised. We then decided, that under the act of 1828, in addition to the act against fraudulent conveyances, the assignment of *Clark* was to be deemed fraudulent and void so far as it respected his claim upon *Williams*, as against the creditors of *Clark*, of whom the plaintiff was one ; and that therefore, *Gavit* and others, as they had no title to said claim, excepting by a purchase thereof from the trustees under that assignment, could not retain that claim, as against the plaintiff, who had attached it against the assignor. On the last trial, however, *Gavit* and others interposed another defence, as they had a right to do, founded on the facts newly appearing, which have been mentioned, and insisted, that on those facts they had an equitable claim on the judgment recovered against *Williams*, to which it was subject, when it was attached by the plaintiff. As the title of *Gavit* and others, under said trustees, is now out of the question, that having been decided to be invalid, the enquiry is, whether they have a good title to it as against *Clark*. If they have, the plaintiff cannot recover, because he attached it subject to any legal or equitable claim or defence against *Clark*, to which it was subject when so attached. The judgment was recovered, in a suit, brought in the name and with the assent and approbation of *Clark*, by *Gavit* and others, who advanced all the moneys necessary to render it effectual. According to our previous decision, that recovery was for the benefit of *Clark*, and not of his trustees. He has become a bankrupt, never having refunded those moneys. If there were no other circumstances in the case, *Gavit* and others would clearly have an equitable claim on the judgment, to the extent of such advances, which here exceeded the amount of the recovery ; and neither *Clark*, nor the plaintiff, claiming, as he does, under a subsequent title from him, should be permitted to interfere with the judgment to their injury. It would manifestly be the greatest injustice to

*New-London,*
July, 1850.
_____
Whitaker
*v.*
Williams.

allow either *Clark* or the plaintiff to put the avails of it into his own pocket.   We perceive no circumstances in this case, which should impair this lien of *Gavit* and others.   It is true, both they and *Clark*, when they so operated in the prosecution of the suit against *Williams,* were mistaken as to the effect of the assignment, and erroneously believed, that a title to the claim had been acquired under it, by *Gavit* and others, by virtue of a purchase of it from the trustees.   They supposed, that although it was not conveyed, by the assignment, in terms, a court of equity would rectify that instrument, so as to make it express the intention of the parties, which was to insert it.

We decided, however, that it could not be thus corrected ; the effect of which was, that the claim did not pass under it, but remained in *Clark*, and was liable to the process of foreign attachment, by his creditors ; and it is by virtue of such process, that the plaintiff claims to appropriate it, in this suit, to his own benefit, as the property of *Clark*.   The judgment against *Williams* having enured to the benefit of *Clark*, and been recovered by his assent and coöperation, and procured, through the instrumentality of the funds of *Gavit* and others, why should their mutual mistake as to the effect of the assignment, throw the expense of the recovery upon the latter ? Why should not such expense fall on *Clark*, as though there was no such mistake, and the suit had been prosecuted with his consent, for his avowed benefit ?   Is there any doubt, that in an action of *assumpsit,* by *Gavit* and others, against *Clark*, under these circumstances, to recover such expenses, the law would imply a promise, by the latter, to pay them ?   We think there is not ; and this seems to be decisive on this point.

It is urged, however, by the plaintiff, that the assignment, under which the claim was purchased and prosecuted, has been pronounced fraudulent as to the creditors of *Clark ;* and that therefore, a court will not assist the parties, as against those creditors, in any transaction connected with it.   If there were any actual fraud in the object of this assignment, there would be force in this claim ; but none is imputed to any of the parties to it, or to *Gavit* and others.   It was decided to be only constructively fraudulent, because it did not comply with the requirements of the statute under which it was made ·

No moral wrong was involved in the transaction; and we are not aware of any case or principle, which requires us to treat such a transaction as fraudulent, excepting when a claim is set up under it against those as to whom it is thus constructively fraudulent. But in this case, *Gavit* and others set up a claim to the judgment against *Williams*, not under the assignment, but only under an arrangement with *Clark*, which derives no force or validity from it, and was subsequent to and unconnected with it. We give to the plaintiff the full benefit of the invalidity of the assignment. So far, therefore, from sanctioning or enforcing it, or any rights claimed under it, we treat it as being fraudulent and void, as against the plaintiff, and view the case as though it had never been executed. And we cannot doubt, if it never had been executed, and the arrangement found in this case had been made between *Clark* and *Gavit* and others, the latter would have an equitable lien on the claim which the plaintiff here seeks to recover.

A new trial is not advised.

In this opinion the other Judges concurred.

New trial not to be granted.