THE TRUSTEES OF THE VILLAGE OF DELHI, Appellants, v. WILLIAM YOUMANS, Jr., Respondent.

An action will not lie against an owner of land, who, in digging a well upon his own premises, intercepted the percolation or underground currents of water, and thereby prevented their reaching the springs or open running stream on the soil of another. The rule is different when the water has actually reached, and become a part of, the spring or stream, and is subtracted from it.

(Argued April 3d; decided April 18th, 1871.)

APPEAL from a judgment of the late General Term of the Supreme Court in the sixth district, affirming a judgment for the defendant at Special Term.

This was an action for a perpetual injunction, restraining the defendant from digging upon his own land, for a lawful purpose, the result of which was the diversion of the water, and preventing its flowing or percolating into two large and valuable springs on adjoining land, which supplied the village of Delhi with water.

*William Gleason*, for the appellants.

*Amasa J. Parker*, for the respondent. This court must decide upon the facts as found by the judge at Special Term, who acted as referee. (*Mosher* v. *Hotchkiss*, 3 Keyes, 161; *Farnam* v. *Hotchkiss*, 2 id., 9; *Marco* v. *Liverpool Co.*, 35 N. Y., 664; *Morgan* v. *Skidmore*, not yet reported; Code, §§ 267, 268, 272.) The defendant's right to lawfully dig on his own land, notwithstanding the result, is well-settled. (*Ellis* v. *Duncan*, 21 Barb., 239, affirmed in Court of Appeals, not reported; *Goodale* v. *Tuttle*, 29 N. Y., 459; *Acton* v. *Blundell*, 12 Mees. & Wels., 324; *Greenleaf* v. *Francis*, 18 Pick., 117; *Pixley* v. *Clark*, 35 N. Y., 520; *Radcliff's Ex.* v. *Mayor*, 4 Comst., 195–200; *Bellows* v. *Sackett*, 15 Barb., 96; *Rawstron* v. *Taylor*, 33 Eng. L. & Eq., 428; *Broadbent* v. *Ramsbotham*, 34 id., 553; *Chasemore* v. *Richards*, 7 House

of Lords Cases, 349; *Frazier* v. *Brown,* 12 Ohio St., 294; *Haldeman* v. *Bruckhard,* 45 Penn., 514; *Roulle* v. *Driscoll,* 20 Conn., 533; *Chatfield* v. *Wilson,* 28 Verm., 47; *Chatfield* v. *Wilson,* 31 id., 358; *Harwood* v. *Bruter,* 32 id., 724; *Greenleaf* v. *Francis,* 18 Pick., 117; *Brown* v. *Illins,* 27 Conn., 34.) The rule of the civil law is the same. (Dig., 39, 3, 1, 12; see Washburn on Easements, ch. 3, § 7.) There is no prescriptive right, by length of user. (*Roulle* v. *Driscoll,* 20 Conn., 533; *Wheatley* v. *Baugh,* 25 Penn., 528; *Ingraham* v. *Hutchinson,* 2 Conn., 524, 597; Washburn on Easements, 384.

By the Court — PECKHAM, J.. If the action of the defendant took the water away from the springs, after it had reached there, after it had become part of an open, running stream, then this action would lie. (*Rawstron* v. *Taylor,* 33 Eng. L. & Eq., 428; *Broadbent* v. *Ramsbotham,* 34 id., 553; *Chasemore* v. *Richards,* 7 House of Lords Cases, 349; *Pixley* v. *Clark,* 35 N. Y., 520; *Goodale* v. *Tuttle,* 29 id., 459; *Ellis* v. *Duncan.,* 21 Barb., 230, affirmed in this court, but not reported.)

But if it merely prevent the water from reaching the spring or open, running stream, by intercepting its percolation or underground currents, by digging a well upon the defendant's own land, for the use of his family and stock, this action will not lie. The law is settled in that way, both here and in England. (See same cases.)

The facts in this case, as found by the justice who tried it, do not show that the water has been taken away from the spring or running surface stream after it had reached there. On the contrary, the inference from his findings would rather seem the other way. Nor is there any request to find otherwise, nor any exception on that point.

Every inference and presumption that can be reasonably entertained must be indulged in favor of affirming a judgment. It is a well-settled rule that the party who alleges error must show it.

The doctrine of lateral support of adjoining land, cannot aid the plaintiffs' case. I do not think it has any application to the facts as found.

It may well be that the plaintiffs have been injured, legally injured, by the acts of the defendant. But the facts as found do not make it appear. In the absence of any request to find, or exception to refusal to find, other facts, we cannot consider the evidence with a view to decide whether other facts may not be regarded as sufficiently proved.

All concurring.

Judgment affirmed.