## JACOB L. VAN WYCKLEN, Respondent, v. THE CITY OF BROOKLYN, Appellant.

*Evidence — upon what questions the opinion of an expert is admissible.*

Tois action was brought to recover damages for the diversion of water from the plaintiff's mill stream, the plaintiff claiming that the defendant, the city of Brooklyn, by sinking a series of driven wells for its water supply near the stream, abstracted the water from the mill stream, and caused it to dry up. Upon the trial one Andrews, whose occupation was the making and drilling of wells, and who had constructed the wells in question, was called by the defendant and asked whether it was possible that the wells could take any water out of Spring creek. An objection that the question called for the opinion of the witness was sustained and the question excluded.

*Held*, error; that the question whether the wells diverted water from the stream was one as to which expert testimony was admissible.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury rendered at the Kings County Circuit, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Almet F. Jenks*, for the appellant.

*William C. De Witt*, for the respondent.

CULLEN, J.:

This action is brought to recover damages for the diversion of water from the plaintiff's mill stream, Spring creek. The plaintiff's claim is that the defendant, by sinking a series of driven wells for its water supply near the stream, abstracted the water from the brook, and caused it to dry up. The law applicable to the case was properly held by the trial justice, and is well settled by authority, that is, if the defendant by its wells diverted the water after it had become part of the stream or water-course, it was liable, but that if the wells merely intercepted the percolating or underground water, then it was not liable. (*Village of Delhi* v. *Youmans*, 45 N. Y., 362; *Chasemore* v. *Richards*, 7 H. of L., 349.) We think there was evidence tending to show that there was a diversion of water from the running stream. This, if credited, would establish the plaintiff's cause of action, for the means by which the diversion

was made would not affect the question of liability. The motion for a nonsuit was properly denied, and the cause was submitted to the jury under a charge entirely correct, and to which no exception was taken.

But the serious question litigated was whether the wells did abstract water from the living stream. One Andrews, whose occupation was making and drilling wells, and who constructed the wells in question for the defendant, was examined as a witness. He was asked whether it was possible that the wells should take any water out of Spring creek. This was objected to by the plaintiff as opinionative. The objection was sustained, and the defendant excepted. We think this ruling was erroneous. The question whether the wells diverted water from the stream was one as to which expert testimony was admissible. (*Moyer* v. *The N. Y. Central R. R. Co.*, 98 N. Y., 645; *Commonwealth* v. *Choate*, 105 Mass., 456; *Buffum* v. *Harris*, 5 R. I., 243.)

The abstraction of the water by the wells was not a fact patent to the senses, though the drying up of the stream was. This may have occurred from several causes. The question, to some degree, involved professional or scientific knowledge. As to such matters the opinions of experts are competent.

The plaintiff, to sustain the objection, insists that the witness was not shown to be competent as an expert. But the objection was not placed on that ground. If it had been, the defendant might have gone further and shown that the witness was qualified, and we are further of opinion that the witness had already shown sufficient experience to qualify him to give an opinion.

Judgment and order denying new trial should be reversed, costs to abide event.

Present — BARNARD, P. J., and DYKMAN, J.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.