JOHN W. ROBB, Respondent, *v.* THE STATE OF NEW YORK, Appellant.*

(Claim No. 18726.)

Fourth Department, May 21, 1941.

*John J. Bennett, Jr., Attorney-General [Owen M. Begley* and *James H. Glavin, Jr., Assistant Attorneys-General,* of counsel], for the appellant.

*Spencer, Ogden & Spencer [Howard C. Spencer* of counsel], for the respondent.

PER CURIAM. The claimant's farm property, in the town of Ogden, Monroe county, is bounded on the north by the Barge Canal. In December, 1928, claimant filed a claim against the State for damages which he asserts were caused by the negligent construction and maintenance of the canal which permits the canal waters to seep upon his farm and into his gravel pits. In 1937 a judgment in claimant's favor was reversed and a new trial ordered in the Court of Claims upon the grounds that the findings of the Court of Claims — that the damage was caused by seepage of canal waters and that the State was negligent — were against the weight of evidence. (251 App. Div. 786.) Upon the retrial, the Court of Claims found, among other things:

" 11. That the water from the canal seeps back through the said gravel bed, raises the ground water level, prevents the normal drainage of the pit and of the gravel bed.

---

* Revg. 174 Misc. 180.

" 12. That the waters from the canal raise the normal ground water level which causes the flooding of the gravel pit.  *  *  *

" 15. That the State was negligent in failing to protect the claimant's property from seepage of water and from the damages which have arisen by reason of the operation and maintenance of the canal.

" 16. That the action of the water from the canal seeping through the gravel vein and onto the claimant's lands constituted a trespass."

We think that these findings are contrary to, and against, the weight of evidence. Viewing the proofs in the light most favorable to claimant, we conclude that the evidence establishes only that the canal waters exert a pressure upon the soil beneath the canal which prevents the ground or sub-surface waters in claimant's lands from passing onto and beneath the property of the State. Under such circumstances, an adjacent landowner is not liable for interference with underground waters. (*Dillon* v. *Acme Oil Co.*, 49 Hun, 565; *Village of Delhi* v. *Youmans*, 45 N. Y. 362; *Bloodgood* v. *Ayers*, 108 id. 400; *County of Erie* v. *Fridenberg*, 221 id. 389; *Smith* v. *City of Brooklyn*, 18 App. Div. 340, 344.)

The case of *Forbell* v. *City of New York* (164 N. Y. 522), upon which the claimant relies, is distinguishable and is not, in our opinion, a controlling authority upon the facts shown by this record.

The above-quoted findings are disapproved and the judgment is reversed on the law and facts, without costs, and the claim dismissed.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, HARRIS and McCURN, JJ.

Judgment reversed on the law and facts, without costs, and claim dismissed. Certain findings of fact disapproved and reversed.