In this case a judgment of interpleader has been entered. Parties have joined in a written stipulation of the facts.
On September 19, 1956, plaintiff made its bond and bound itself under seal as surety, with the defendants Crandall Brothers as principal, as a condition precedent to the award of a contract to said Crandall Brothers by the defendant town of Stonington, and said bond was attached to and made a part of said contract. Said bond guaranteed that the subcontractors and materialmen would be paid under what is now § 49-41 of the General Statutes.
On or about September 25, 1956, Crandall Brothers commenced work and completed it on or about September 9, 1957. On that date, there remained in *Page 405 
the hands of the town the sum of $5483.65 due and owing to the defendant Crandall Brothers on the contract. On September 9, 1957, the defendant Lawrence Kirsch, doing business as Thames Block Company, garnished said fund in the amount of $850 on a debt due from the defendant Crandall Brothers. The debt did not arise out of the instant contract. By letter dated September 18, 1957, Stonington notified the plaintiff that the defendant Crandall Brothers had accumulated a large number of bills which the school committee believed exceeded the amount due and asked the plaintiff to assume the responsibility for payment for labor and materials furnished Crandall Brothers on that contract. On September 21, 1957, defendant Harold Rutman, doing business as Rutman's Furniture Company, garnished said fund in the amount of $350 on a debt not related to the instant contract.
Plaintiff paid out $7098.71 for work and material performed and furnished under the subject contract. It received $4283.65. The defendant Crandall Brothers owe plaintiff $2815.06, plus interest since September 10, 1959. The town of Stonington is holding $1700 as the balance due on its contract with the defendant Crandall Brothers and will pay it out in accordance with the order of the court. Defendant Lawrence Kirsch has reduced his attachment by a judgment in the amount of $656.15, plus cost of $37.80. Defendant Rutman is owed the sum of $147.48.
The plaintiff claims the entire fund of $1700 under the doctrine of equitable subrogation. It relates its claim back to the execution of the bond. Defendant Kirsch claims a priority by virtue of his garnishment, contending that it was lodged with the town prior to notice by the town that the plaintiff became obligated to materialmen by virtue of its undertaking. Defendant Rutman also claims a *Page 406 
priority by virtue of his garnishment, even though it was made on September 21, 1957.
General Statutes § 49-41 was enacted for the protection of persons supplying labor or materials in the prosecution of work on public structures for the state or any subdivision thereof. The majority rule of law seems to be that when a surety makes a payment under the bond to a supplier of labor or material, the surety becomes subrogated to the rights and preferences of such suppliers as to sums due or to become due under contract, and such subrogation relates back to the date of the bond. AmericanFidelity Co. v. National City Bank, 266 F.2d 910,914. Some courts call this an equitable lien, others use the term equitable subrogation. 4 Corbin, Contracts § 901.
Under the stipulation submitted to the court, it is concluded that this rule must be adopted. It is concluded that the other defendants, Kirsch, Rutman, and the town of Stonington, have no prior interest in the fund to that of the plaintiff.
 Accordingly, judgment may enter for the plaintiff to recover of the defendant Crandall Brothers the sum of $2815.06 plus interest of $309.66, for a total sum of $3124.72. That sum exceeds the amount held by the stakeholder. Therefore, the defendant town of Stonington is hereby ordered to pay over the stake, or $1700, to the plaintiff.