[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT
The plaintiff, by complaint dated February 22, 2000, seeks to foreclose his alleged lien on certain real property located in the town of New Milford known as Parklane Plaza and currently owned by defendants Maurice and Marie Jajer. The plaintiff alleges that by note dated December 31, 1991, the Jajers promised to pay him the principal sum of $2,594.50, together with interest thereon. In support of its position, the plaintiff proffers a copy of a document purported to have created a consensual lien that was recorded on the New Milford Land Records.
Defendant Purtill, Purtill Pfeffer, P.C., moves for partial summary judgment on the ground that the plaintiff's lien is not valid and, thus, the plaintiff's debt was discharged when the Jajers filed for bankruptcy. The plaintiff likewise moves for summary judgment, insisting that its lien is valid and that the Jajers intended to secure the plaintiff's debt with their property.
"Connecticut courts have recognized the concept of equitable liens. . . ." Ten Hoeve Brothers, Inc. v. City of Hartford, Superior Court, judicial district of Hartford at Hartford, Docket No. 704020 (May 8, 1996, Corradino, J.) (17 Conn.L.Rptr. 173), citing Whitaker v. Williams, 20 Conn. 527, 531 (1850);Hansel v. Hartford-Connecticut Trust Co., 133 Conn. 181,194 (1946); Employers' Liability Assurance Corp. v. Crandall,22 Conn. Sup. 404, 406 (1961). [W]herever the parties, by their contract, intended to create a positive lien or charge either upon real or upon personal property, whether then owned by the assignor or contractor, or not, or if personal property, whether it is then in esse or not, it attaches in equity as a lien or charge upon the particular property, as soon as the assignor or contractor acquires a title thereto. . . ." Hansel v. Hartford-Connecticut Trust Co.,133 Conn. 181, 190-91 (1946).
"An equitable lien may be created by an express contract that shows an intention to charge some particular property with a debt or obligation. . . ." 51 Am.Jur.2d 145, Liens § 39 (2000). "One common situation is where there is a written document expressing the parties' intent to make a particular piece of property security for a debt CT Page 3209 which for some reason fails to constitute a legal mortgage or lien."In re Aumiller, 168 B.R. 811, 815 (Bankr.D.Dist.Col. 1994).
"The form of the contract is immaterial, because it is the intention of the parties, rather than the form of their agreement, that is controlling." 51 Am.Jur.2d, supra, § 41, p. 146. Thus, "[i]f an invalid security instrument is executed by one who intended to create a lien upon their real property, their intention may be enforced in equity by the other party to the instrument." Id., § 40, p. 146.
Nevertheless, "[i]n the creation of a lien by express contract, the agreement must clearly show the intent to create such a lien, [and] the property sought or intended to be charged must be clearly described or identified. . . ." Id., § 41, p. 146. "An express contract creating a lien must identify, deal with, or in some manner relate to, specific property, and should describe that property with reasonable certainty. The property . . . that is to be encumbered must either be identified literally, or be so described as to be capable of identification." Id., § 43, p. 148.
The issue of whether the lien document here describes the encumbered property with reasonable certainty is a question of fact.[1] As for the moving defendant's contention that the lien does not contain information regarding when payment is due the plaintiffs, this omission is not necessarily fatal to the plaintiffs' lien because it is the intent of the parties that is controlling. The question of intent is not suitable for disposition by means of summary judgment. See Suarez v. DickmontPlastics, 229 Conn. 99, 111, 639 A.2d 507 (1994).
There are genuine issues of material fact with regard to the intent of the parties and whether the property was described with reasonable certainty and both motions for summary judgment are accordingly denied.
Gill, J.